UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| MICHAEL RICE, #275683, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:14-cv-81 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| KAY L. STOUFFER, et al., | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |
| | ) | |

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. This lawsuit arises out of plaintiff's confinement in November 2012 at the Richard A. Handlon Correctional Facility (MTU). Plaintiff named two registered nurses employed by the Michigan Department of Corrections (MDOC) as defendants: Kay L. Stouffer, R.N., and Mark W. Castor, R.N.

Plaintiff alleges that on November 19, 2012, he injured a finger while playing basketball. On November 19, 2012, Nurse Stouffer examined plaintiff, diagnosed his injury as a strain or sprain, and put his finger in a splint. Plaintiff was provided with ice to help reduce the swelling. On November 21, 2012, Nurse Castor conducted a follow-up examination, determined that plaintiff's finger was not dislocated, and placed the finger back in a splint. Plaintiff alleges that Nurse Castor did not provide him with pain medication. Plaintiff states that his finger "healed crooked." He alleges that the registered nurse defendants should have referred him to a doctor so that the doctor could order x-rays. Plaintiff alleges that defendants violated his rights under the Eight Amendment's

Cruel and Unusual Punishments Clause. Plaintiff sues defendants in their individual capacities and seeks an award of damages.

The matter is before the court on defendants' motion to dismiss plaintiff's claims on the basis of qualified immunity. (docket # 18). Plaintiff has filed his response. (docket #s 23, 29). For the reasons set forth herein, I recommend that defendants' motion be granted and that all plaintiff's claims against defendants be dismissed with prejudice because they are barred by qualified immunity.

## DISCUSSION

Defendants argue that they are entitled to dismissal of all plaintiff's claims on the basis of qualified immunity. The first prong of qualified immunity analysis is whether the plaintiff has alleged facts showing that the defendants' conduct violated a constitutional right. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). The second prong is whether the right was "clearly established" at the time of the defendants' alleged misconduct. *Id.* Trial courts are permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

In *Brosseau v. Haugen*, 543 U.S. 194 (2004), the Supreme Court examined the underlying purpose of the requirement that the law be clearly established:

> Qualified immunity shields an officer from suit when she makes a decision that, even if constitutionally deficient, misapprehends the law governing the circumstances she confronted. ... Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct. If the law at the time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation.

543 U.S. at 198.

The Supreme Court and the Sixth Circuit have emphasized that the second inquiry "'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" *Brosseau v. Haugen*, 543 U.S. at 198 (quoting *Saucier*, 533 U.S. at 201). "'[T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant sense.'" *Lyons v. City of Xenia*, 417 F.3d 565, 572 (6th Cir. 2005) (quoting *Brosseau*, 543 U.S. at 198-99); *see Perez v. Oakland County*, 466 F.3d 416, 428 (6th Cir. 2006) ("Because most legal rights are clearly established at some level of generality, immunity would be impossible to obtain if a plaintiff were required only to cite an abstract legal principle that an official had 'clearly violated.'"). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "Thus, '[t]he relevant, dispositive inquiry ... is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001) (quoting *Saucier*, 533 U.S. at 201).

Although it is not always necessary to find a case where identical conduct had previously been determined to be unconstitutional,[1] in light of preexisting law, the unlawfulness must be apparent. *See Wilson v. Layne*, 526 U.S. 603, 615 (1999). If judges are in disagreement on an issue at the time the defendant acted, it is "unfair" to later subject the defendant to monetary damages "for picking the losing side of the controversy." *Pearson*, 555 U.S. at 245. "Ordinarily, a Supreme Court or Sixth Circuit decision on point is necessary." *Carver v. City of Cincinnati*, 474 F.3d 283, 287 (6th Cir. 2007).

---

[1] "Of course, in an obvious case, [general constitutional] standards can 'clearly establish' the answer, even without a body of relevant case law." *Brosseau*, 543 U.S. at 199.

Accordingly, "officials are 'entitled to qualified immunity [when] their decision was reasonable, even if mistaken.'" *Toms v. Taft*, 338 F.3d 519, 524 (6th Cir. 2003) (quoting *Hunter v. Bryant*, 502 U.S. 224, 229 (1991)); *Humphrey v. Mabry*, 482 F.3d 840, 847 (6th Cir. 2007) ("Qualified immunity leaves government authorities 'ample room for mistaken judgments.'") (quoting *Scott v. Clay County*, 205 F.3d 867, 873 n. 9 (6th Cir. 2000)). "The burden of convincing a court that the law was clearly established 'rests squarely with the plaintiff.'" *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999) (quoting *Cope v. Heltsley*, 128 F.3d 452, 459 (6th Cir. 1997)); *accord Shreve v. Franklin County, Ohio*, 743 F.3d 126, 134 (6th Cir. 2014); *T. S. v. Doe*, 742 F.3d 632, 635 (6th Cir. 2014).

Plaintiff argues that defendants' motion should be denied because defendants failed to accept his factual allegations regarding pain medication as true. (Plf. Amended Brief at 2, docket # 29, Page ID 122). Plaintiff is incorrect. Defendants noted that plaintiff alleged that he had not been "provided" with pain medication, not that pain medication was unavailable. (Def. Brief at 6-7, docket # 19, Page ID 89-90). Plaintiff alleged in the body of his complaint that "no pain medication [was] provided" by Nurse Castor during the November 21, 2012, examination. (Compl. at 3, Page ID). Plaintiff attached copies of the responses to Grievance No. MTU- 2012-12-1278-12F to his pleading in an effort to show that he had exhausted all his available administrative remedies. (*Id.*; *see* docket # 1-1 at Page ID 6-8). Defendants recognized that the exhibits attached to the complaint would be considered in the process of determining whether the complaint should be dismissed on qualified immunity grounds. "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." FED. R. CIV. P. 10(c). The Step I grievance response was provided by H. Smith, R.N., and she stated as follows: "On 12-10-12 grievant submitted a Health Care request asking for Motrin and states that he's indigent. He was informed that he was not on the

Indigent List and was educated to purchase this over the counter medication from [the prison] store." (docket # 1-1, Page ID 6). "Health Services does not provide over the counter medications and [inmates] are responsible for purchasing [such] items[.]" (*Id.*). The Step II grievance response was provided by Subrina Aiken, M.D., and she reiterated that Health Services does not provide over the counter medication and prisoners are responsible for purchasing such items. (*Id.* at Page ID 7). Defendants' observation that plaintiff alleged that he had not been "provided" with pain medication, not that pain medication was unavailable to him, was entirely appropriate.

Plaintiff has not alleged facts sufficient to satisfy the objective or subjective components of Eighth Amendment claims against the two registered nurse defendants. *See Santiago v. Ringle*, 734 F.3d 585, 590-93 (6th Cir. 2013); *Reilly v. Vadlamudi*, 680 F.3d 617, 623-24 (6th Cir. 2012); *accord Smith v. Erie County Sheriff's Dep't*, No. 14-3157, __ F. App'x __, 2015 WL 831730, at * 7 (6th Cir. Feb. 26, 2015). Further, plaintiff has not carried his burden of demonstrating that the defendants' conduct of treating his finger with a splint rather than referring him to a doctor, who could have ordered x-rays, and not providing him with over the counter medication violated clearly any established constitutional right. Even assuming that both nurse defendants made errors in determining the level of treatment and/or medication required, it is clearly established that medical malpractice falls short of an Eighth Amendment claim. S*ee Estelle v. Gamble*, 429 U.S. 97, 106 (1977); *Reilly v. Vadlamudi*, 680 F.3d at 624-25.

**Recommended Disposition**

For the foregoing reasons, I recommend that defendants' motion (docket # 18) be granted and that plaintiff's complaint be dismissed with prejudice because all his claims against defendants are barred by qualified immunity.


Dated:   March 4, 2015          /s/  Phillip J. Green
                                United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).